FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRYAN PAUL HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARRIE ASH MOTT, ROBERT HENRY, THE JOINT COMMISSION, and JOHN DOE,<br><br>　　　　Defendants. | No. 2:24-CV-00073-SAB<br><br>**ORDER DISMISSING ACTION** |

Before the Court is Plaintiff Bryan Paul Hernandez's First Amended Complaint. ECF No. 6. Plaintiff, a civil detainee currently housed at the Eastern State Hospital, is proceeding *pro se* and *in forma pauperis*. ECF No. 4. Defendants have not been served.

Plaintiff asserts that the jurisdictional basis for this action is "Diversity of Citizenship." *See* ECF No. 6 at 3. Federal district courts have original jurisdiction of civil actions in which there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff requests $10,000,000.00. Therefore, he has requested an amount of money damages that

ORDER DISMISSING ACTION -- 1

exceeds the statutory amount.

However, Plaintiff has presented no facts from which the Court could infer that he and each of the identified Defendants are citizens of different states. He has failed to demonstrate complete diversity of citizenship between himself and all Defendants. Because Plaintiff and at least one Defendant are citizens of the same state, there is no diversity jurisdiction. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff" (emphasis in original)).

It appears that this jurisdictional defect could not be cured by the voluntary dismissal of Carrie Ash Mott, Robert Henry and John Doe, as there is no basis for federal question jurisdiction over any claims against the Joint Commission. *See* 28 U.S.C. § 1331.

Plaintiff states that "The Joint Commission" has an address in the State of Illinois; the Joint Commission "evaluated [his] concerns" on "several occasions" and sent him "a canned, response, stating that they added [his] concerns to their database but otherwise took no action"; and the rules of the Joint Commission "are arbitrary and ridiculous. An example of this is no soap bars. I fail to see how a bar of soap is dangerous. Another example is that we cannot have loose TVs on the ward. That means I cannot enjoy my Nintendo Switch on the big screen. Even prisoners get their own TVs!! Yet another example is no personal hygiene supplies in rooms. Again, I fail to see how a shampoo bottle is a dangerous object. Even prisoners get soap bars and shampoo bottles!" ECF No. 6 at 3, 5–6. These assertions do not support a claim that the Joint Commission deprived Plaintiff of his constitutionally protected rights. *See Youngberg v. Romero*, 457 U.S. 307, 323 (1982).

//
//

ORDER DISMISSING ACTION -- 2

Accordingly, **IT IS HEREBY ORDERED:**

1. The above-captioned case is **DISMISSED without prejudice** for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

**IT IS SO ORDERED.** The Clerk of the Court is hereby directed to file this Order, provide copies to *pro se* Plaintiff and **close** the file.

**DATED** this 13th day of June 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER DISMISSING ACTION -- 3